UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| THOMAS KORNELIK and<br>JOSEFA KORNELIK, | )<br>)<br>) | |
| Plaintiffs | ) | |
| v. | ) | Case No. 2:07-CV-69 WCL-PRC |
| | ) | |
| MITTAL STEEL USA, Inc., and<br>MICHAEL RAYSON | )<br>) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the court is Plaintiffs' Thomas and Josefa Kornelik's "Motion for Remand and for Costs" filed on March 8, 2007. Defendant Mittal Steel USA ("Mittal Steel") responded on March 26, 2007 to which Plaintiffs replied on April 3, 2007. For the following reasons, the motion shall be GRANTED in PART as to the request for remand and DENIED as to the request for attorneys fees and costs. The cause will be REMANDED to the Lake Superior Court.

## PROCEDURAL BACKGROUND

On November 9, 2006, Plaintiffs, who are Indiana residents, filed this cause in the Lake Superior Court alleging negligence against Defendants Mittal, a Delaware Corporation with a principal place of business in Illinois, and individual defendant Michael Rayson ("Rayson"), an Indiana resident. On January 2, 2007, Rayson moved to dismiss the state court complaint contending that Indiana law did not support a cause of action against him. Thereafter, the state court heard oral argument and, on March 2, 2007, entered an Order generally, and without legal explanation, denying Rayson's motion to dismiss. On March 5, 2007 and prior to receiving notice

1

of the March 2 Order, Defendants removed the cause to this court asserting diversity jurisdiction.

In the present motion, Plaintiffs move to remand this cause because the parties are non-diverse and thus, no federal jurisdiction exists.  In addition, Plaintiffs seeks costs and attorneys fees for having to file this motion.

## Discussion

Title 28 U.S.C. § 1441(a) authorizes the removal of " any civil action brought in a State court of which the district courts of the United States have original jurisdiction," unless removal is expressly prohibited by Act of Congress. 28 U.S.C. §1441(a). In considering a motion to remand, a court's focus is restricted to its authority to hear the case pursuant to the removal statute. 28 U.S.C. § 1441. Whether removal was proper is determined from the record as a whole. *Casey v. Hinckley & Schmitt, Inc.,* 815 F.Supp. 266, 267 (N.D.Ill.1993); *Kennedy v. Commercial Carriers, Inc.,* 739 F.Supp. 406, 409 (N.D.Ill.1990). The party seeking to preserve the removal, not the party moving to remand, bears the burden of establishing that the court has jurisdiction. *Jones v. General Tire and Rubber Co.,* 514 F.2d 660, 664 (7th Cir.1976). If the court finds that it does not have jurisdiction, then it must remand the case to state court. *Casey,* 739 F.Supp. at 267; *Commonwealth Edison Co. v. Westinghouse Elec. Co.,* 759 F.Supp. 449, 452 (N.D.Ill.1991).

Defendants removed this case to federal court asserting diversity of citizenship[1] as the basis

---

[1] Both the Plaintiff's Complaint and the Defendants' Petition for Removal are procedurally inadequate to establish diversity jurisdiction. The Complaint alleges that Plaintiffs are "Indiana residents" (Compl. ¶3), Defendant Rayson "was an Indiana resident" and that Mittal was a "foreign corporation with a principal place of business in East Chicago, Indiana. *See Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). Moreover, the Notice of Removal purports that Plaintiffs are "individuals residing in Indiana" (Notice of Removal ¶ 3), omits the citizenship of Rayson, and represents that Mittal is a Delaware Corporation with a principal place of business Illinois.

of this court's jurisdiction and arguing that Defendant Rayson, admittedly an Indiana citizen, had been fraudulently joined to thwart diversity jurisdiction and make removal improper. In response, Plaintiffs argue that remand is necessary because there was no fraudulent joinder as evidenced by the state court's refusal to dismiss the claim against Rayson prior to the Defendants' removal to this court. It follows then, according to Plaintiffs, that because both plaintiffs are Indiana citizens and Rayson is an Indiana citizen, the court does not have diversity jurisdiction.

A court's diversity jurisdiction is limited-no plaintiff may be a citizen of the same state as any defendant. *See Hoosier Energy Rural Elec. Coop., Inc. v. Amoco Tax Leasing IV Corp.,* 34 F.3d 1310, 1314-15 (7th Cir.1994). However, diversity jurisdiction is not destroyed by the joinder of a non-diverse party if that joinder is fraudulent.[2] *Hoosier,* 34 F.3d at 1315. "Fraudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against non-diverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir.1993). An out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder. . *See Ontiveros v. Anderson,* 635 F.Supp. 216, 218 (N.D.Ill.1986). The defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant. *See Ontiveros,* 639 F.Supp. at 218. If the removing party meets its burden, a court must disregard the citizenship of the fraudulently joined party. *Gottlieb,*

---

(*Id.*) These allegations are not only inadequate to establish citizenship but also fail to demonstrate diversity between the Plaintiff and the Defendants.

[2]"When speaking of jurisdiction, "fraudulent" is a term of art," *Poulos v. Naas Foods, Inc*. 959 F.2d 69, 73 (7th Cir. 1992), and "[a]lthough false allegations of jurisdictional fact may make joinder fraudulent, in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives. *Id.* (citing cases).

3

990 F.2d 323, 327 (7th Cir .1993).

Here, Plaintiffs urge that Defendants have not met their hefty burden because prior to removal of this case, the defendants briefed and argued in state court the precise legal points that are now argued before this court. Furthermore, prior to removal the state court issued an order denying the Defendants motion to dismiss[3] and thus, Plaintiffs contend that upon removal, the state court's ruling is law of the case.[4] In response, Defendants argue that this court not only has the authority to review an interlocutory order issued by a state court after removal but that in this instance, the court *should* reconsider the state court's order. See *Poulos*, 959 F.2d at 73 (reconsidering state court summary judgment decision to determine fraudulent joinder).

In the context of removal, once a case is in federal court, the state court orders issued prior to removal are not conclusive but remain binding until they are set aside. *See* 28 U.S.C. § 1450 (providing that all "orders and other proceedings had in such [state court] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court"); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 436 (1974) ("The 'full force and effect' provided state court orders after removal of the case to federal court was not intended to be more than the force and effect the orders would have had in state court."). As the Supreme Court explained in *Granny Goose Foods*, by providing that the state court

---

[3] The issuing judge tragically died four days after entering this Order.

[4] There are some references in the filings to the state court's refusal to dismiss the claim against Defendant Rayson as "res judicata." However, res judicata is applicable only in a situation involving two separate lawsuits, one in state court and another in federal court. Rather, the present case involves one suit that originated in state court and that was removed to federal court. The doctrine of res judicata limits relitigation of an issue in a *subsequent* suit. The doctrine of law of the case limits relitigation of an issue at a subsequent stage of the *same* suit. *See Rekhi v. Wildwood Indus., Inc.*, 61 F.3d 1313, 1317-18 (7th Cir.1995).

4

proceedings are effective in federal court, judicial economy is promoted, and the parties' rights are protected. *See* 415 U.S. at 435-36.

Despite the Supreme Court's preference for observing the law of the case, the doctrine has some flexibility. *See Avitia v. Metropolitan Club of Chicago, Inc.,* 49 F.3d 1219, 1227 (7th Cir.,1995) ("The doctrine of law of the case establishes a presumption that a ruling made at one stage of a lawsuit will be adhered to throughout the suit ... But it is no more than a presumption, one whose strength varies with the circumstances; it is not a straitjacket. "); *Payne for Hicks v. Churchich,* 161 F.3d 1030, 1037 (7th Cir. 1998). The Supreme Court has indicated that the doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). Nevertheless, a court "has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.' " *Id.* (quoting *Arizona,* 460 U.S. at 618 n. 8, 103 S.Ct. 1382); *see also Agostini v. Felton*, 521 U.S. 203, 117 S.Ct. 1997, 2017, 138 L.Ed.2d 391 (1997) (determining that it would not apply the law of the case because adherence to earlier decision would work a "manifest injustice").

Here, the state court issued an order, presumably relying on the parties' arguments and briefs, denying the motion to dismiss. There is no written opinion informing either the parties of the underlying legal basis for that denial – it is a mere blanket denial of the motion. The court presumes, however, that the judge found the arguments of the prevailing party, i.e., the plaintiffs, persuasive in reaching his conclusions. But, in all fairness, this is a presumption. Acnowledging this, the undersigned believes the present circumstances combined with the fact that the court is charged with

policing its own jurisdiction warrant at least some scrutiny of the issue raised by the parties as to whether Rayson is fraudulently joined in this action.

The Complaint in this cause arises from an industrial accident wherein Plaintiff Thomas Kornelik[5] suffered severe burns to a large portion of his body allegedly due to the negligence of Rayson and Mittal Steel. Before the state court, Rayson argued that as a matter of Indiana law, the Complaint fails to state a claim against him for negligence. Specifically, Rayson contended that the Plaintiffs could not establish that he owed them a duty of care independent of his relationship as an employee of Mittal. Furthermore, Rayson argued that under Indiana law, any alleged negligence on his part would be imputed to his employer since the Complaint provides that "at all times relevant herein, Michael Rayson was an Indiana resident and was employed by Mittal Steel USA, Inc. as a #7 blast furnace casthouse supervisor." (Complaint, ¶2). The state court denied Rayson's motion to dismiss. Defendants, now before this court, assert again that the Complaint does not state a claim against Rayson and thus, the court should disregard his Indiana citizenship and retain jurisdiction over the case.[6]

Under Indiana law, Defendants are correct that the doctrine of *respondeat superior* imposes liability, where none would otherwise exist, on an employer for the wrongful acts of his employee

---

[5]Josefa Kornelik, Thomas's wife, has sued for loss of companionship.

[6]Interestingly, the defendants did not (and still have not) move to dismiss Rayson at the same time it filed its Notice of Removal so there is nothing formally before the court from defendants seeking dismissal of Rayson. Even so, because this court is obliged to examine its own jurisdiction and that determination in turn rests on the theory of whether Rayson was fraudulently joined, this court must consider whether the plaintiffs state a claim for relief against Rayson. Under federal procedural law which is applicable upon removal, the Plaintiffs need only meet the federal procedural standard to survive a Fed.R.Civ.P. 12(b)(6) motion. Under that standard, "[f]ederal complaints plead *claims* rather than facts.... It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate. A full narrative is unnecessary." *Kolupa v. Roselle Park Dist.,* 438 F.3d 713, 714 (7th Cir.2006).

that are committed within the scope of employment. *Southport Little League v. Vaughan,* 734 N.E.2d 261, 267-68 (Ind.Ct.App.2000); *Stropes by Taylor v. Heritage House Childrens Ctr. of Shelbyville, Inc.,* 547 N.E.2d 244, 247 (Ind.1989), *reh'g denied.* Indeed, a corporation can never be negligent, only *liable* for the negligence of its agent under the doctrine of respondeat superior. *See Warner Trucking, Inc. v. Carolina Cas. Ins. Co.,* 686 N.E.2d 102, 105 (Ind.1997). Thus, where an employee acting within the scope of his employment commits a tortious act, the liability for that act lies with the employer.

But, the doctrine of respondeat superior is a mechanism to impute liability to the employer. This is different than the question presented by Defendants' arguments here which is whether the agent/employee can be personally liable for his own torts *in addition to* his employer having liability. Indiana has considered this question and has indicated that a tortfeasor is always personally accountable for his own torts. *Hill v. Ebbets Partners Ltd.*, 812 N.E.2d 1060 (Ind.Ct.App.2004); *Howard Dodge & Sons, Inc. v. Finn,* 391 N.E.2d 638, 641 (1979). Moreover, because an agent who commits a tortious act is equally liable with the principal, "the individual and the corporation are jointly liable and may properly be joined as defendants." *Tolliver v. Mathas,* 538 N.E.2d 971, 976 (Ind.Ct.App.1989).

Here, a fair reading of the Complaint reveals that Plaintiffs joined both Rayson and Mittal Steel as defendants asserting negligence against Rayson and seeking to hold Mittal Steel liable *in addition to* Rayson for the actions of Rayson. Given the above case law, the court cannot conclude that the state court erroneously denied Rayson's motion to dismiss on the grounds presented. Indeed, if Plaintiffs can demonstrate that Rayson breached a duty of care owed to them and that in breaching that duty of care he was acting within the scope of his employment with Mittal Steel, they

7

state a claim for relief against both defendants under Indiana law.  Accordingly, the argument that plaintiffs cannot state a valid claim against Rayson is not well-taken and Rayson cannot be deemed to be fraudulently joined to divest this court of diversity jurisdiction.

The fact remains, however, that with Rayson still in this case, there is no diversity of citizenship to warrant subject matter jurisdiction in this court.  Accordingly, the cause is REMANDED to the Lake Superior Court for further proceedings.  As for Plaintiffs request for an assessment of fees and costs for filing the present motion, the same is DENIED[7]

Entered: This 18th day of May, 2007.

s/ William C. Lee
United States District Court

---

[7] Plaintiffs contend that it should not have had to file the present motion since the state court had already ruled in their favor on the motion to dismiss, thereby implying the absence of fraudulent joinder. However, Defendants were not served with the state court order denying their motion to dismiss until two days after they filed their Notice of Removal. There is also ample authority, as cited above, to indicate that upon removal, the court may reconsider the rulings of a coordinate court.  Accordingly, the court concludes that an award of fees and costs is unwarranted.